J-A26021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
      :     PENNSYLVANIA
      :
     v.      :
      :
      :
      :
LASHAE MECHELL STINSON      :
      :
    Appellant    :  No. 163 WDA 2025

Appeal from the Judgment of Sentence Entered January 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001323-2024

BEFORE:  OLSON, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.:     **FILED: October 17, 2025**

Appellant, Lashae Mechell Stinson, appeals *pro se* from the judgment of sentence entered on January 14, 2025.  We affirm.

The trial court ably summarized the underlying facts of this appeal:

> [The Victim, A.T. ("the Victim"),] testified that she has a son whose father is Brandon Christian.  Mr. Christian and the [Victim's] relationship ended years ago.  Mr. Christian now is in a live-in relationship with [Appellant].  The [Victim] currently has a protection from abuse [("PFA") order] against [Mr. Christian,] which was in effect during the time that [Appellant] was contacting the [Victim] through Facebook.  .  .  .
>
> [Appellant] contacted the [Victim] through a Facebook message on May 13, 2024, asking [that she] call her to discuss third party arrangements for [Mr. Christian] to see his son.  [The Victim] responded by telling [Appellant] never to contact her and that she [] considered this message as a contact on behalf of [Mr. Christian], and a violation of the PFA.  [Appellant] continued sending Facebook messages despite the [Victim] requesting several times that [Appellant] stop contacting her, including on June 22, 2024.

Trial Court Opinion, 4/21/25, at 1-2 (citations omitted).

The trial court found Appellant guilty of the summary offense of harassment[1] and, on January 14, 2025, the trial court sentenced Appellant to pay a fine of $300.00 and court costs. N.T. Trial, 1/14/25, at 28-29.

Appellant filed a timely notice of appeal. On February 25, 2025, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). **See** Trial Court Order, 2/25/25, at 1. Appellant, however, failed to file a Rule 1925(b) statement. Moreover, Appellant's brief to this Court does not raise any cognizable claim. **See** Appellant's Brief at 1-7.

Appellant's failure to comply with the trial court's Rule 1925(b) order renders Appellant's claims on appeal waived. **See** Pa.R.A.P.1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"). Further, even if Appellant's claims were not waived, we would be forced to dismiss this appeal, as we are unable to discern the issues Appellant wishes this Court to review. **See** Pa.R.A.P. 2101 ("[b]riefs and reproduced records shall conform in all material respects with the requirements of [our] rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); **see also Commonwealth v. Postie**, 110 A.3d

---

[1] 18 Pa.C.S.A. § 2709(a)(3).

1034, 1041 n.8 (Pa. Super. 2015) ("[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court").

Judgment of sentence affirmed. Jurisdiction relinquished. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2025